UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN JAY DIXON,<br><br>  Petitioner,<br><br>    v.<br><br>D. ASUNCION, WARDEN,<br><br>  Respondents. | NO. CV 16-4460-VAP (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (SUCCESSIVE PETITION) |

On June 13, 2016, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in Case No. BA288736. Because he previously challenged the conviction here in a habeas action that the Court dismissed with prejudice, and because he lacks Ninth Circuit authorization for another such challenge, the Court lacks jurisdiction over the new petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District.

On July 24, 2009, Petitioner, who was represented by counsel, filed a petition for writ of habeas corpus in *Dixon v. Gonzalez*, CV 09-5396 VAP (AGR) ("*Dixon I*"). The petition in *Dixon* challenged the same conviction and raised a *Batson* challenge.[1] The magistrate judge issued a Report and Recommendation that recommended the petition be denied with prejudice. On February 29, 2012, the Court issued an Order Accepting the Findings and Recommendation, a Judgment, and an Order Denying a Certificate of Appealability. (Dkt. Nos. 18,19, 21.) Petitioner filed a notice of appeal. On February 8, 2013, the Ninth Circuit denied a certificate of appealability. (Dkt. No. 26.)

On June 13, 2016, Petitioner constructively filed the current Petition and challenges the same conviction and sentence. (Petition at 2.) Petitioner asserts two grounds based on Double Jeopardy and ineffective assistance of trial counsel. (*Id.*, Attachment A at 7.)

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Dixon I*. Petitioner has not shown that he requested or obtained authorization from the Ninth Circuit to file a second or successive petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: October 17, 2016

VIRGINIA A. PHILLIPS
Chief United States District Judge